$150.00

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **TRACY JORDAN,**<br>        **Plaintiff,**<br><br>                v.<br><br>**THE PHILADELPHIA HOUSING AUTHORITY,<br>CARL GREENE, RICHARD ZAPPILE, JOHN<br>HAGGERTY and MARC WALKER, individually<br>and as Corporate officials for the Philadelphia<br>Housing Authority**<br>        **Defendants,** | **JURY TRIAL<br>DEMAND**<br><br>C.A. #03- 4701 |

**FILED**

AUG 1 4 2003

MICHAEL E. KUNZ, Clerk

By_____ Dep. Clerk

**COMPLAINT**

## I.    PRELIMINARY STATEMENT

1.   This is a civil rights action in which the Plaintiff, Tracy Jordan is seeking

compensatory damages, punitive damages and other relief arising from the

Defendants' violation of his constitutional, statutory and civil rights attendant to his

employment as a police officer with Defendant Philadelphia Housing Authority and

President of the Philadelphia Housing Authority Fraternal Order. The Defendants,

Philadelphia Housing Authority, Carl Greene, Richard Zappile, John Haggerty and

Marc Walker violated Plaintiff's rights protected by the Constitutions and Laws of the

United States of America and the Commonwealth of Pennsylvania when they

conspired to terminate Plaintiff's employment and retaliated against him by terminating

the Plaintiff's employment because he investigated, reported and registered his

opposition to and protested against Defendants misuse of public funds and illegal activities. In retribution for his actions in opposing and protesting against the Defendants' illegal activities, Plaintiff was terminated on July 31, 2003. Defendant Philadelphia Housing Authority ("PHA"), by policy, practice and custom, continues to conceal its misuse of public funds by illegally retaliating against employees who report and oppose such misuse of funds, Defendant PHA chills an employees' exercise of protected rights and deliberately discourages others from reporting such misconduct. Furthermore, Defendant PHA violated its own policies and procedures when it terminated Officer Jordan's employment.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction in this Court is founded on 28 U.S.C. § 1343(3) and (4), in that Plaintiff is seeking to redress deprivations under color of state law of rights, privileges or immunities secured by the Constitution of the United States and 42 U.S.C. § 1983, and is seeking to recover damages and other relief under 42 U.S.C. § 1983.

3.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all Defendants are residents in this district and the events giving rise to the Plaintiff's claims occurred in this district.

## III.   CLAIMS FOR RELIEF

4.   At all times relevant hereto, Defendants Greene, Zappile, Haggerty and Walker did combine, conspire, and agree to deprive Plaintiff of those rights secured to him pursuant to the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 43 Pa. Const. Stat. Ann. § 1421 and Defendants' police directives, policies and procedures by wrongfully terminating Plaintiff in retribution for

engaging in whistle blowing activities protected by the First Amendment to the Constitution of the United States and Defendants own police directives, personnel policies. Plaintiff's wrongful termination from employment violated his rights, immunities and privileges as guaranteed by the Equal Protection Clause of the Constitution of the United States and deprived Plaintiff of property and liberty without due process of law. In furtherance of this conspiracy, the Defendants committed certain overt acts, which resulted in the injuries referred to herein.

## IV.    PARTIES

5.  Plaintiff, Tracy Jordan is an adult male, who was employed by Defendant PHA for 13 years as a police officer. Plaintiff was also the President of the Fraternal Order of Housing Police ("FOHP") at the time of his termination.

6.  Defendant, PHA, is a body corporate, exercising the public powers of the Commonwealth of Pennsylvania as an agency thereof and having the statutory right to sue and capacity to be sued. Its principal office is located at 2012 Chestnut Street, Philadelphia, Pennsylvania.

7. Defendant, Carl Greene ("Greene"), is the Executive Director for Defendant PHA. As such, he is responsible to see that Defendant PHA, its employees and other agents, comply with federal, state and local laws and regulations. Defendant Greene's office is located at 12 S. 23rd Street, Philadelphia, Pennsylvania. He is being sued in both his official and individual capacities.

8. Defendant, Richard Zappile ("Zappile"), is Defendant PHA's Chief of Police. As such, he is responsible to see that Defendant PHA, PHA police, Defendant Haggerty and Defendant Walker, among others, comply with federal, state and local

laws, regulations and PHA police directives. Defendant Zappile's office is located at 3000 Tasker Avenue, Philadelphia, Pennsylvania. He is being sued in both his official and individual capacities.

9. Defendant, John Haggerty ("Haggerty") is Defendant PHA's Assistant to the Chief of PHA police and the head of the PHA Internal Affairs Division. As such, he is responsible to see that Defendant PHA and Defendant Walker, among others, comply with federal, state and local laws, regulations and PHA police directives. Defendant Haggerty's office is located at 3000 Tasker Avenue, Philadelphia, Pennsylvania. He is being sued in both his official and individual capacities.

10. Defendant, Marc Walker ("Walker") is Defendant PHA's Police Detective. As such, he is responsible to see that Defendant PHA and its officers and employees comply with federal, state and local laws, regulations and PHA police directives. Defendant Walker's office is located at 3000 Tasker Avenue, Philadelphia, Pennsylvania. He is being sued in both his official and individual capacities.

11. At all times material hereto, Defendant Greene, Zappile, Haggerty and Walker acted individually, collectively, and/or in concert as co-conspirators in causing the deprivation of Plaintiff's First, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.

## V. FACTS

12. At all times relevant hereto, all Defendants acted under the color of state law.

13. From May of 1990 to July 30, 2003 Plaintiff was employed as a PHA police officer.

14. Plaintiff's duties as a PHA police officer included but were not limited to:

investigating and arresting individuals for violating federal, state and local laws and ordinances. Plaintiff's duties as the President of the FOHP included but were not limited to: representing members of the FOHP in supervising, controlling, and conducting all the business affairs of the FOHP.

15. During his tenure, Officer Jordan consistently received outstanding and superior performance evaluations and was considered by his peers to be an excellent and reliable employee.

16. In or about April of 2002, Plaintiff was elected President of the FOHP. Officer Jordan immediately began vigorously representing his members in negotiating certain union issues, specifically the contractual labor agreement between PHA and the FOHP.

17. In his capacity as President of the FOHP Plaintiff has on several occasions spoke out publicly regarding PHA's abuse, fraud and waste.

18. In or about August of 2002, during the contractual negotiations, Plaintiff and other members of the FOHP called into a radio show 900 AM; a show which aired Defendant Greene as a guest. The radio show encouraged callers to call in and opine on Carl Greene's comments about PHA police.

19. Plaintiff went on the air and generally criticized Greene's handling of the PHA police department and specifically Defendant Greene's representations that PHA lacked the funds for raises and/or benefits for PHA police officers.

20. As a direct result of the call in and adverse comments, Defendant Greene ordered Defendant Haggerty to conduct an Internal Affairs investigation against all FOHP Board members, including Plaintiff.

21. Defendants ordered Plaintiff and the other Board members to submit to abusive questioning without representation guaranteed by the contract and state law before releasing the Plaintiff and the others to return back to their duties as police officers. The Internal Affairs investigation is still pending in violation of the PHA Police Directives.

22. In or around February of 2003, Plaintiff began appearing before City Council (3 or 4 times) regarding issues involving the PHA police generally and specifically about pension benefits.

23. As a direct result of the testimony Plaintiff provided at the City Council meetings, City Council ordered and subsequently subpoenaed Defendant Greene to respond to the pension issues and other FOHP contractual issues.

24. Defendant Greene refused to respond to City Council's demand that he appear and respond.

25. City Council subsequently filed suit and the case is currently before the Honorable Seamus McCaffery.

26. The case has received much media coverage.

27. Subsequent to his appearances before City Council, Plaintiff appeared on radio station 1210 AM as a guest speaker and discussed generally Defendant Greene's handling of the PHA police and specifically Defendant Greene's failure to negotiate the pension issues, benefits and/or raises. Plaintiff also fielded questions and concerns from callers into the radio show.

28.  After each appearance at City Council and the radio show appearance, Plaintiff was warned by supervisors and others that Defendant Zappile was upset over Plaintiff's appearances and testimony.

29.  As a result of Plaintiff's public comments and criticisms regarding PHA's abuse, fraud and/or waste, Defendants began retaliating against Plaintiff and other FOHP members by committing the following acts: a) terminated labor management meetings; b) harassing union officials i.e. (denying board members days off when timely requested, denying members union representation during investigations against FOHP members); c) following and investigating Plaintiff during his days off; and d) initiated investigations against FOHP members in an effort to undermine the authority of the FOHP officials, including Plaintiff.

30.  On May 2, 2003, while patrolling the premises of the Queen Lane development, Plaintiff and his partner Rosalind Mason made a car stop on the highway in front of 314 Queen Lane pursuant to the "Live Stop Program". This program was initiated by the City of Philadelphia Police Department to thwart the use of vehicles without insurance or registration.

31. Plaintiff and his partner stopped a vehicle, which they had previously stopped a week before. The driver during the first stop did not have the proper paperwork. Plaintiff in his discretion allowed the driver to leave the scene the first time with just a warning. Plaintiff stopped the vehicle the second time to ensure that the driver cured the deficiency.

32. The driver was again found to lack the proper paperwork and Plaintiff wrote

the driver a ticket and informed him that his vehicle was being impounded. Plaintiff

however did allow the driver to borrow another individual's vehicle and proceed on

his way.

33. Five friends of the driver remained with the vehicle until the tow truck arrived.

34. While waiting for the tow truck, the remaining individuals began yelling

Obscenities at Plaintiff and his partner and a large crowd began to form at the scene.

35. A City of Philadelphia police officer arrived on the scene to assist Plaintiff

and his partner.

36. One of the individuals approached Plaintiff and began yelling obscenities

within inches of Plaintiff's face.

37. After the situation escalated the individual was subsequently arrested by

Plaintiff for interfering with the police.

38. As a result of the arrest, Plaintiff's employment was terminated.

39. Defendants terminated Plaintiff's employment for violations of PHA Police

Directives for effectuating an arrest off of PHA property as a pretext.

40. The real reason for Plaintiff's termination was in retaliation for his opposition

to PHA's waste, fraud and/or abuse.

41. Plaintiff's last day of employment was July 30, 2003.

### COUNT I
### First And Fourteenth Amendments
### (Jordan v Greene, Zappile, Haggerty and Walker,
### in their Individual capacities)

42. Paragraphs 1 through 41 above are incorporated by reference herein.

43. In his capacity as President of the FOHP and in publicly opposing Defendant

Greene in the above-referenced police and pension issues on the radio shows and before City Council and further by stating his opposition to Defendant PHA's unnecessary expenditures, as described herein, Officer Jordan engaged in expression protected by the First Amendment to the Constitution of the United States.

44.  The termination of Officer Jordan based on the violation of PHA police Directives because he effectuated an arrest across the street from a PHA development was simply a pretext for terminating Officer Jordan, in retaliation for his engaging in protected speech and to prevent him from engaging in such speech in the future, all of which would have been personally and politically embarrassing to all Defendants including Defendant Greene.

45.  By terminating Officer Jordan for the reasons set forth herein, Defendants have violated rights secured by Officer Jordan pursuant to the First and Fourteenth Amendments to the Constitution of the United States, as well as 42 U.S.C. § 1983.

46.  As a direct and proximate result of the Defendants' violation of Officer Jordan's First and Fourteenth Amendment rights, as aforesaid, Officer Jordan has suffered, does suffer and will in the future suffer loss of employment, loss of promotion, loss of income, and loss of future income. Furthermore, Officer Jordan was forced to liquidate his vacation time in order to meet his living expenses until such time that he was able to obtain future employment, loss of sick time which was convertible to vacation time, loss of good will, and has sustained an impairment to his future earnings capacity.

47.  As a direct and proximate result of the Defendant's violation of Plaintiff's First and Fourteenth Amendment rights, as aforesaid, Officer Jordan has also suffered and

will in the future suffer mental anguish, emotional distress, loss of self-esteem, embarrassment, humiliation, personal indignity, and loss of life's pleasures, for which Officer Jordan is entitled to be compensated in damages.

48. The violations by Defendants of Officer Jordan's First Amendment rights were done and committed with malice and/or evil motive and/or reckless disregard and/or callous indifference to the rights of Officer Jordan, thereby entitling him to an award of punitive or exemplary damages against the individual Defendants.

WHEREFORE, Plaintiff Officer Jordan demands judgment against the Defendants for compensatory and punitive damages in an amount, which exceeds $100,000.00.

### COUNT TWO
### 42 U.S.C. § 1983–Due Process Violations
### (Cavicchia v Greene, Zappile, Haggerty
### and Walker, in their Individual capacities)

49. Paragraphs 1 through 48 above are incorporated by reference herein.

50. Defendants, acting as aforesaid by terminating Officer Jordan's employment under the pretext of engaging in extra jurisdictional police activity in violation of the PHA Police Directives, violated Officer Jordan's due process rights when they exercised selectivity with the intent and purpose of failing to apply the PHA Police Directives regarding extra jurisdictional police activity to other PHA employees on a uniform basis. Defendants Police Directives actually encourage PHA police to engage in extra jurisdictional activity in violation of state law. All of the above-referenced violations of PHA's Police Directives and of federal and state law, violate Officer Jordan's constitutionally protected interest in his employment.

51. Defendants, by their actions, deprived Officer Jordan of his rights to life, liberty and property consistent with all rights and immunities guaranteed by the Due Process Clause of the Constitution of the United States and Defendant PHA personnel policy.

52. As a proximate result of the Defendants' violations of Officer Jordan's due process rights, Officer Jordan has suffered, does suffer, and will in the future suffer loss of employment, loss of earnings, loss of earning capacity, loss of seniority, and loss of employment benefits for which he is entitled to be compensated in monetary damages.

53. As a further proximate result of Defendants' violations of Officer Jordan's due process rights, as aforesaid, Officer Jordan has suffered, does suffer and will in the future suffer mental anguish, emotional distress, loss of self-esteem, embarrassment, humiliation, personal indignity, and loss of life's pleasures, for which he is entitled to be compensated in monetary damages.

54. The violation by Defendants of Officer Jordan's due process rights were done and committed with malice and/or evil motive and/or reckless disregard and/or with callous indifference to the rights of Officer Jordan, thereby entitling him to an award of punitive or exemplary damages against the individual Defendants.

**WHEREFORE**, Plaintiff Officer Jordan demands judgment against Defendants for compensatory and punitive damages in an amount to exceed $100,000.00.

**COUNT THREE**
**Philadelphia Housing Authority**
**And 42 U.S.C. § 1983**
**(Jordan v Philadelphia Housing Authority and**
**Greene, Zappile, Haggerty and Walker, in their Official capacities)**

55. Paragraphs 1 through 54 above are incorporated by reference herein.

56. Defendant PHA is liable for the wrongful conduct of the individually named Defendants as the decision makers were permitted to continue and condone a long-standing policy, practice and custom of terminating employees in retaliation for exercising their First Amendment and whistle blowing rights.

57. Defendant PHA is liable for the wrongful conduct of the individually named Defendants as the decision makers were permitted to continue and condone a long-standing policy, practice and custom, and have with intentional and/or deliberate indifference failed to adequately discipline, train or otherwise direct its officials concerning the rights of employees, thereby causing the individually named Defendants to engage in unlawful and/or wrongful conduct described at length herein.

58. Defendant PHA, as a matter of policy, practice, or custom, has with intentional and/or deliberate indifference failed to properly sanction or discipline its officials, including the individually named Defendants in this case, for violations of the constitutional rights of its employees, thereby causing officials at Defendant PHA, including the individually named Defendants in this case, to engage in unlawful conduct.

59. Defendant PHA, as a matter of policy, practice, or custom, has with intentional and/or deliberate indifference failed to sanction or discipline its officials, including the individually named Defendants in this case, who encourage PHA police

to engage in extra jurisdictional police activity off of PHA property in violation of state law.

60. Defendant PHA, as a matter of policy, practice, or custom, has with intentional and/or deliberate indifference failed to sanction or discipline its officials, including the individually named Defendants in this case, who were aware of and subsequently concealed violations of the constitutional rights of its employees by other officials, including the individually named Defendants in this case, to engage in unlawful conduct.

61. Defendant PHA, as a matter of policy, practice, or custom, has with intentional and/or deliberate indifference allowed Defendants Greene, Zappile, Haggerty and Walker to terminate Officer Jordan in an effort to cover up, conceal, or silence him when he reported instances of fraud, waste or inefficiency.

62. Defendant PHA, as a matter of policy, practice, or custom, has with intentional and/or deliberate indifference allowed Defendants Greene, Zappile, Haggerty and Walker to obstruct and interfere with investigations and audits in an effort to prolong, frustrate or conceal legitimate audit activities, including Officer Jordan's investigations, where instances of fraud, waste or inefficiency were in the process of being investigated or audited.

63. Defendant PHA, as a matter of policy, practice, or custom, has caused the individually named Defendants to engage in the wrongful termination of Officer Jordan's employment, failed to provide due process prior to his termination and failed to adhere to its own Police Directives in terminating Officer Jordan.

64. The actions of Defendants, acting under the color of state law, deprived Officer Jordan of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, his rights under the First and Fourteenth Amendments of the Constitution of the United States, as well as in violation of 42 U.S.C. § 1983.

65. As a proximate result of Defendants' violations of Officer Jordan's constitutional rights, he has suffered, does suffer, and will in the future suffer loss of employment, loss of earnings, loss of earning capacity, loss of seniority, and loss of employment benefits for which he is entitled to be compensated in monetary damages.

66. As a further proximate result of the Defendants' violation of Officer Jordan's constitutional rights, he has suffered, does suffer, and will in the future suffer mental anguish, emotional distress, loss of self-esteem, embarrassment, humiliation, personal indignity, and loss of life's pleasures, for which he is entitled to be compensated in monetary damages.

67. The violations by Defendants of Officer Jordan's constitutional rights were done and committed with malice and/or evil motive and/or reckless disregard and/or callous indifference to the rights of Officer Jordan, thereby entitling him to an award of punitive or exemplary damages against the individual Defendants.

**WHEREFORE**, Plaintiff Officer Jordan demands judgment against the Defendants for compensatory and punitive damages in an amount to exceed $100,000.00.

**COUNT FOUR**
**Pennsylvania Whistle blowing Law**
**(Cavicchia v Philadelphia Housing Authority and Greene,**
**Zappile, Haggerty and Walker, in their Official and Individual capacities)**

68. Paragraphs 1 through 67 above are incorporated by reference herein.

69. The Pennsylvania Whistle blowing Law, 43 Pa. Const. Stat. Ann. § 1421 (1986), prohibits employers from discharging, threatening, or otherwise discriminating or retaliating against an employee in his employment because the employee, or a person acting on behalf of the employee, makes a good faith report or is about to report, verbal or in writing, an instance of wrongdoing or waste to the employer or an appropriate authority.

70. The conduct engaged in by Officer Jordan as set forth at length herein is clearly within the scope of, and thusly protected by, 43 Pa. Const. Stat. Ann. § 1421(a).

71. Upon information and belief, Officer Jordan was terminated for whistle blowing, in violation of 43 Pa. Const. Stat. Ann. § 1421.

72. As a proximate result of the Defendants' violations of Officer Jordan's whistle blowing rights, Officer Jordan has suffered, does suffer, and will in the future suffer loss of employment, loss of earnings, loss of earning capacity, loss of seniority, and loss of employment benefits for which he is entitled to be compensated in monetary damages.

73. As a further proximate result of Defendants' violations of Officer Jordan's whistle blowing rights, as aforesaid, Officer Jordan has suffered, does suffer, and will in the future suffer mental anguish, emotional distress, loss of self-esteem,

embarrassment, humiliation, personal indignity, and loss of life's pleasures, for which he is entitled to be compensated in monetary damages.

74. The violations by Defendants of Officer Jordan's whistle blowing rights were done and committed with malice and/or evil motive and/or reckless disregard and/or with callous indifference to the rights of Officer Jordan, thereby entitling him to an award of punitive or exemplary damages against the individual Defendants.

WHEREFORE, Plaintiff Officer Jordan demands judgment against the Defendants for compensatory and punitive damages in an amount to exceed $100,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter appropriate orders and decrees:

(a) declaring that Defendants violated Plaintiff's rights under the Constitution of the United States, 42 U.S.C. § 1983, 43 Pa. Const. Stat. Ann. § 1421 and PHA's Police Directives;

(b) awarding the Plaintiff monetary damages to compensate him for the violations by Defendants of his rights under the Constitution of the United States, 42 U.S.C. § 1983, 42 Pa. Const. Stat. Ann. § 1421 and PHA's Police Directives;

(c) awarding the Plaintiff punitive and/or exemplary damages against the individually named Defendants; and

(d) granting Plaintiff whatever other and further relief that is just and

appropriate under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury.

MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
(215) 627-8516
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

TRACY JORDAN
      **Plaintiff**

      v.

PHILADELPHIA HOUSING AUTHORITY,
  et al.

      **Defendants**

C.A. #03- 4701

### CERTIFICATION OF SERVICE

Michael Pileggi, Esquire, counsel for the plaintiff in the above matter, hereby

certifies that he served a copy of the complaint in the above matter, upon the following

parties, by letter dated August 14, 2003, mailed by first class, postage prepaid, to the

following address:

Marc Woolley, Esquire
Philadelphia Housing Authority
2012 Chestnut Street
Philadelphia, PA 19103
Counsel for Defendants

Michael Pileggi, Esquire
303 Chestnut Street
Philadelphia, PA 19106
215-627-8516
Counsel for Plaintiff